ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
TRITIA L. YUEN (Cal. State Bar No.: 255468)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0719
    Facsimile: (213) 894-0141
    E-mail: tritia.yuen2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 13-MJ-951 |
|---|---|
| Plaintiff, | **GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION** |
| v. | |
| MARC TYRONE COLLINS, | |
| Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    ____ 1. <u>Temporary 10-day Detention Requested (§ 3142(d))</u>
        <u>on the following grounds</u>:

        ____ a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); <u>or</u>

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     | ___ | b. defendant is an alien not lawfully admitted for |
| 2   |     |     | permanent residence; <u>and</u> |
| 3   |     | ___ | c. defendant may flee; or |
| 4   |     | ___ | d. pose a danger to another or the community. |
| 5   | _X_ | 2.  | <u>Pretrial Detention Requested (§ 3142(e)) because no |
| 6   |     |     | condition or combination of conditions will |
| 7   |     |     | reasonably assure</u>: |
| 8   |     | _x_ | a. the appearance of the defendant as required; |
| 9   |     | _x_ | b. safety of any other person and the community. |
| 10  |     | ___ | 3. <u>Detention Requested Pending Supervised |
| 11  |     |     | Release/Probation Revocation Hearing (Rules |
| 12  |     |     | 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>: |
| 13  |     | ___ | a. defendant cannot establish by clear and |
| 14  |     |     | convincing evidence that he/she will not pose a |
| 15  |     |     | danger to any other person or to the community; |
| 16  |     | ___ | b. defendant cannot establish by clear and |
| 17  |     |     | convincing evidence that he/she will not flee. |
| 18  | _X_ | 4.  | <u>Presumptions Applicable to Pretrial Detention (18 |
| 19  |     |     | U.S.C. § 3142(e))</u>: |
| 20  |     | _x_ | a. Title 21 or Maritime Drug Law Enforcement Act |
| 21  |     |     | ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense |
| 22  |     |     | with 10-year or greater maximum penalty |
| 23  |     |     | (presumption of danger to community and flight |
| 24  |     |     | risk); |
| 25  |     | ___ | b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, |
| 26  |     |     | or 2332b(g)(5)(B) with 10-year or greater maximum |
| 27  |     |     | penalty (presumption of danger to community and |
| 28  |     |     |     |

```
 1                    flight risk);
 2           ____  c.  offense involving a minor victim under 18 U.S.C.
 3                    §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245,
 4                    2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-
 5                    2252A(a)(4), 2260, 2421, 2422, 2423 or 2425
 6                    (presumption of danger to community and flight
 7                    risk);
 8           ____  d.  defendant currently charged with an offense
 9                    described in paragraph 5a - 5e below, AND
10                    defendant was previously convicted of an offense
11                    described in paragraph 5a - 5e below (whether
12                    Federal or State/local), AND that previous
13                    offense was committed while defendant was on
14                    release pending trial, AND the current offense
15                    was committed within five years of conviction or
16                    release from prison on the above-described
17                    previous conviction (presumption of danger to
18                    community).
19      _X_   5. Government Is Entitled to Detention Hearing
20               Under § 3142(f) If the Case Involves:
21           ____  a.  a crime of violence (as defined in 18 U.S.C.
22                    § 3156(a)(4)) or Federal crime of terrorism (as
23                    defined in 18 U.S.C. § 2332b(g)(5)(B)) for which
24                    maximum sentence is 10 years' imprisonment or
25                    more;
26           ____  b.  an offense for which maximum sentence is life
27                    imprisonment or death;
28
```

|   |   |   |   |
|---|---|---|---|
| 1 | __x__ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| 3 | ____ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| 9 | ____ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| 15 | __X__ | f. | serious risk defendant will flee; |
| 16 | ____ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| 20 | ____ | 6. | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

//
//

```
 1        ____    7.   Good cause for continuance in excess of three days
 2                     exists in that:
 3                     _____
 4                     _____
 5                     _____
 6
 7   DATED: MARCH 28, 2013          Respectfully submitted,
 8                                  ANDRÉ BIROTTE JR.
                                    United States Attorney
 9
                                    ROBERT E. DUGDALE
10                                  Assistant United States Attorney
                                    Chief, Criminal Division
11
12                                       /s/
                                    _____
                                    TRITIA L. YUEN
13                                  Assistant United States Attorney
14                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```